**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **GERALD ANTHONY WRIGHT,** § | |
| Petitioner, § | |
| § | |
| v.  § | Civil Action No. 4:06-CV-563-A |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Gerald Anthony Wright, TDCJ-ID #424861, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is presently incarcerated in Tennessee Colony, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. Factual and Procedure History

On June 12, 1986, Wright was convicted of sexual assault and sentenced to life imprisonment in the Criminal District Court Number Two of Tarrant County, Texas. (Transcript at 48.) Wright appealed his conviction and sought both state and federal postconviction habeas relief, to no avail.[1] (Petition at 3-4.) In 2002, Wright sought forensic DNA testing under chapter 64 of the Texas Code of Criminal Procedure in state court, and, on January 5, 2005, the state court signed its findings on the motion. *Wright v. Texas*, No. 2-05-076-CR, slip op. at 2 (Tex. App.–Fort Worth July 7, 2005) (not designated for publication). Wright claimed that counsel did not notify him of the trial court's findings until February 9, 2005, resulting in the filing of an untimely notice of appeal in the Second District Court of Appeals of Texas. *Id.* He sought, but was denied an out-of-time appeal by the Texas Court of Criminal Appeals on May 17, 2006. *Ex parte Wright*, Application No. 20,954-04, at cover. This petition was filed on July 13, 2006.[2]

D. Issues

In one ground, Wright claims the decision by the Texas Court of Criminal Appeals to deny him an out-of-time appeal based on ineffective assistance of counsel involves an unreasonable application of clearly established federal law. (Petition at 7.)

---

[1] Wright has filed at least three federal petitions for habeas relief relevant to his conviction. *See Wright v. Scott*, Civil Action No. 4:1995-CV-286; *Wright v. Collins*, Civil Action No. 4:1991-CV-540; *Wright v. Director, TDC*, Civil Action No. 4:1990-CV-894. To the extent necessary, the court takes judicial notice of the state court records filed in those actions.

[2] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

E.  DISCUSSION

1.  Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

2.  Application

Wright argues that his counsel's ineffectiveness resulted in a violation of his right to appeal the findings in the state postconviction DNA proceedings.  Wright fails, however, to cite to authority that the state courts' administration of the postconviction DNA proceedings or his right to competent counsel in those proceedings, arising solely under Texas law, violates clearly established Supreme Court law.  Further, his argument fails to raise a cognizable habeas issue.  *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).  Habeas relief under § 2254 is only available if a petitioner shows that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  State postconviction review is, by its basic nature, collateral to the proceedings resulting in a prisoner's custody.  Wright's challenge to the administration of the state DNA

3

proceedings and the competency of his counsel does not contest the validity of his confinement. His argument does not call into question the constitutionality of his conviction and sentence. *See Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'") (1996); *see also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999) ("[E]rrors in state post-conviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief"). A federal court "must find constitutional error at the trial or direct review level in order to issue the writ." *See In re Goff*, 250 F.3d 273, 275 (5th Cir. 2000); *Morris*, 186 F.3d at 585 n.6. Wright's allegations involving the state courts' administration of the postconviction DNA proceedings and the competency of counsel in those proceedings do not afford federal habeas relief.

## II. RECOMMENDATION

Quarterman's motion for summary judgment should be GRANTED, and Wright's petition for writ of habeas corpus under 28 U.S.C. §2254 DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 24, 2007. The United States District Judge need only make a *de*

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 24, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 3, 2007.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE