NORTHERN DISTRICT OF TEXAS
FILED

JAN 3 1 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GERALD ANTHONY WRIGHT,          §
                                §
          Petitioner,           §
                                §
VS.                             §   NO. 4:06-CV-563-A
                                §
NATHANIEL QUARTERMAN,           §
DIRECTOR, TEXAS DEPARTMENT      §
OF CRIMINAL JUSTICE,            §
CORRECTIONAL INSTITUTIONS       §
DIVISION,                       §
                                §
          Respondent.           §

O R D E R

Came on for consideration the above-captioned action wherein
Gerald Anthony Wright ("Wright") is petitioner and Nathaniel
Quarterman, Director, T.D.C.J., Correctional Institutions
Division, is respondent.  This is a petition for writ of habeas
corpus filed pursuant to 28 U.S.C. § 2254.  On January 3, 2007,
the United States Magistrate Judge issued his proposed findings,
conclusions, and recommendation ("the Findings") that Wright's
petition be denied.  The magistrate judge ordered that the
parties file objections, if any, to his Findings by January 24,
2007.  On January 23, 2007, petitioner filed his written
objections.  Respondent has not made any further response.[1]

---

[1]While this action was before the magistrate judge, respondent filed a
motion for summary judgment instead of a response to the petition.  Such a
motion does not fit neatly into the scheme of review of petitions under 28
U.S.C. § 2254.  Rather, the proceeding is more in the nature of an appeal;
that is, there is a petition and a response.  See Rules 2 and 5 of the Rules
Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll.
§ 2254.  Consequently, the court construes respondent's motion for summary
judgment to be a response in opposition to the petition, not a motion.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or recommendations to which specific objection is made.  United States v. Raddatz, 447 U.S. 667 (1980).  The court is not addressing any nonspecific objections or any frivolous or conclusory objections.  Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

In 1986, Wright was convicted of sexual assault and sentenced to life imprisonment.  In 2001, Wright requested DNA testing.  The results of the subsequent DNA hearing were not favorable to Wright; the DNA from the evidence of the sexual assault was found to be consistent with Wright's DNA profile.  According to Wright, his attorney failed to notify him promptly of the results of the DNA hearing, thereby causing Wright's notice of appeal to be untimely.

Here, Wright urges that the denial by the Texas Court of Criminal Appeals of his out-of-time appeal -- which he claims was out-of-time solely because of ineffective assistance of counsel -- constituted an unreasonable application of clearly established federal law.[2]  The magistrate judge disagreed, finding that Wright's ground for relief was no more than an attack on purported errors in a state-habeas proceeding, which,

---

[2]Respondent's construction of Wright's ground for relief is slightly different.  Because, however, Wright did not object to the magistrate judge's characterization of his ground for relief, the court assumes he is satisfied with it.

2

in turn, do not provide a basis for federal-habeas relief.   See
Findings at 3-4 (citations omitted).   In his objections,
petitioner merely regurgitates his original complaints generally
concerning ineffective assistance of counsel and the denial of
his out-of-time appeal.   He makes no specific objection to this
ultimate finding by the magistrate judge.

    Therefore,

    The court accepts the Findings of the magistrate judge and
ORDERS that the petition in this action be, and is hereby,
denied.

    SIGNED January 31, 2007.

JOHN McBRYDE
United States District Judge

3